# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| CARL LONG, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:13-cv-00045-JMS-WGH |
| MIKE ELLIS, and K HUTSON, | ) |
| Defendants. | ) |

**Entry Granting Unopposed Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Carl Long filed this civil action alleging the violation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. Mr. Long alleges that while he was an inmate at the Putnamville Correctional Facility, the defendants released sensitive information contained in an investigative report which resulted in Mr. Long being targeted for attack by members of the Aryan Brotherhood. This matter is now before the Court on the defendants' unopposed motion for summary judgment. For the reasons explained below, the defendants' motion for summary judgment [dkt. 14] is **granted.**

## I. STANDARD OF REVIEW

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

In this case, the defendants have met that burden through their unopposed motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, Mr. Long has conceded the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(h), of which Mr. Long was notified. This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. <u>MATERIAL FACTS</u>

The following statement of facts was evaluated pursuant to the standards set forth above.

On August 2, 2012, an offender at Putnamville was attacked by two other offenders; one stabbed him and the other punched him. Mr. Long became involved when the offender who committed the stabbing asked Mr. Long to hide another shank for him in a light fixture above one of the dorm beds. The offenders involved in the assault were disciplined and Mr. Long received a Conduct Report for his role.

Internal Affairs Officer Quentin Storm investigated the circumstances surrounding the assault. Mr. Storm's investigation included interviewing all of the offenders who were involved in the incident and generating a Report of Investigation. The four offenders who were involved in the assault and who were interviewed were provided copies of the Report of Investigation.

Defendant Ellis was a member of the Conduct Adjustment Board that dealt with Mr. Long's discipline as a result of the Conduct Report he received. Ellis did not provide any of the offenders with the Report of Investigation.

Defendant Hutson was the screening officer associated with Mr. Long's disciplinary action. He was not involved in the investigation of the stabbing incident or the creation of the Report of Investigation. There is no evidence that he provided any offenders with the Report of Investigation.

### III. DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole,* 112 S. Ct. 1827, 1830 (1992). To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

Based on the evidence presented, a jury could not reasonably find that either defendant violated Mr. Long's constitutional rights. There is no evidence that either defendant provided any offender with the Internal Affairs Report of Investigation. Nor is there any evidence that either defendant ignored a substantial risk that Mr. Long would suffer serious harm at the hands of other inmates. *See Owens v. Hinsley,* 635 F.3d 950, 954 (7th Cir. 2011) (*citing Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008)). There is simply no evidence of wrong doing by either defendant which could support liability under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)

("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

## IV. <u>CONCLUSION</u>

For the reasons explained above, the defendants' motion for summary judgment [dkt. 14] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/14/2014

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CARL LONG
5350 Estate Rd.
Lot #26
Terre Haute, IN 47805

All Electronically Registered Counsel